RECEIVED
OCT 31 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHELE PAYNE, ET AL. | CIVIL ACTION No.13-cv-2732 |
| VERSUS | |
| HON. JOHN M. McHUGH,[1] SECRETARY of the ARMY | JUDGE DEE D. DRELL MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the court is Defendant's <u>Motion in Limine</u> filed on October 23, 2017, in which Defendant seeks to preclude Plaintiff Michele Payne from introducing or referencing certain testimony and/or proposed exhibits. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

1. <u>Allegations or evidence regarding alleged discriminatory acts unrelated to plaintiff's claims and speculative claims of alleged race discrimination and retaliation.</u>

Defendant wishes to exclude "[s]tatements by others regarding" alleged discrimination, exposure to a hostile work environment and/or retaliation. Though Defendant notes the "statements by others" includes Dena Perkins, Lynn Holaway, Karla Gralapp and employees of the United States Army, there is no certainty as to what any of the named witness or potential other witnesses will say. Defendant asserts that the testimony of Perkins, Holaway, and Gralapp is irrelevant given statements each made during her deposition; however, the court is without the full context of the depositions and its relation to the issues to make such a determination at this time. Further, Defendant's own statement that "the testimony described above and any similar testimony

---

[1] Ryan McCarthy became the Acting Secretary of the Army and, hence, the proper Defendant in this case on August 2, 2017.

elicited by the Plaintiff is irrelevant to Plaintiff's claims here" shows the true breadth and vagueness of Defendant's objection. It is simply impossible for the court to anticipate the witnesses' testimony and whether it is relevant to Payne's claims. Accordingly, the defense may assert objections to testimony and evidence at the pertinent times throughout the trial.

2. <u>Any reference to the probable testimony of a witness who is absent, unavailable or not called to testify, or not allowed to testify</u>

Defendant argues Plaintiff's exhibits 7 and 11 should be excluded as they are hearsay testimony and irrelevant. Specifically, Defendant notes that the only person who was a party to the conversation transcribed and found at exhibit 7 is Michele Payne. Thus, the testimony is considered hearsay. Additionally, Defendant argues the transcription found at exhibit 11 is irrelevant, hearsay, and the proper means to introduce evidence of the phone call is through Dr. Patrick Hayes' testimony at trial.

Plaintiff's exhibit 7 is a transcript of the "Impaired Provider Program Meeting of Complaintant, Michelle Payne." There is a signed certification attached which states in part:

> I, Marvin E. Haynes, hereby certify that the foregoing hearing was taken before me at the time and place therein above stated; that said witnesses were first duly sworn by the Judge to testify the truth, the whole truth and nothing but the truth in answer to questions propounded; the hearing being reported by me and thereafter transcribed under my supervision; that he foregoing pages contain a true and correct transcription of the hearing of said witness and thus given to the best of my ability and understanding.

Despite this "certification", the transcription appears to be that of a one-party consent recording of a meeting between Ms. Payne and Colonel Starkey. There is no date and time as to when the conversation occurred; there is no indication that Mr. Haynes was present at the meeting and/or was the party recording the conversation; and, there is no point within the transcript where the parties to the conversations were sworn to tell the truth and/or questioned under direct and cross examination. As such, the "certification" lacks merit and the transcription constitutes hearsay.

2

Defendant further asserts that because none of the witnesses, other than Michele Payne, are listed as witnesses for trial, the use of the transcript for impeachment purposes is not at issue. In light of this stipulation, and for the aforementioned reasons, the court excludes Plaintiff's exhibit 7 as evidence in this trial.

The court, at this time, is not excluding exhibit 11. Though Defendant asserts the transcribed telephone call "is not evidence of anything", we find that determination too early to make. Further, because Dr. Hayes will testify at trial, the document may serve as impeachment evidence. Accordingly, Defendant's request to exclude Plaintiff's exhibit 11 is denied at this time.

3. <u>Plaintiff must not be allowed to call witnesses described as witness to the alleged discrimination, harassment, and/or retaliation who have no personal knowledge of same</u>

Plaintiff is prohibited from eliciting testimony or evidence from Dr. Wanda Kuehr regarding witnessing discrimination, harassment and/or retaliation based on race and other illegal acts and omissions. Dr. Kuehr's deposition testimony is that she did not visit Ft. Polk between 2010 and 2011 when the offending conduct occurred. She further testified that she did not know any of the counselors and any information she has regarding Michele Payne's claims are based on hearsay evidence.

Dr. Kuehr is also prohibited from testifying regarding the qualifications of Dr. Lacking as Clinical Director as none of Michele Payne's claims hinge upon the hiring of Dr. Lacking. As such, any testimony is irrelevant to the case at hand.

4. <u>Emails concerning Michele Payne's 2015 status with Magellan must be excluded</u>

Defendant seeks to exclude exhibit 9, an email dated September 19, 2015, between Michele Payne and her employer in which Ms. Payne is advised that her Installation Records Check contains "derogatory information." The email also says, the writer was not advised what the "derogatory information" was. The email appears irrelevant to this matter as it was written several

years after Michele Payne resigned from her position. Furthermore, there is nothing to connect the "derogatory information" to Dr. Lacking. Accordingly, the email itself may not be used in evidence. Defendant's request to exclude testimony from Ms. Payne "about this in any manner" is denied at this time. However, counsel is cautioned that Ms. Payne's testimony may or may not be relevant as the connection between the two time periods and to conduct by Dr. Lacking must be established.

5. <u>Plaintiff should be prohibited from mentioning the existence of, or contents of any settlement discussions or negotiations between or among the parties</u>

The admission of either evidence regarding settlement attempts or statements made or conduct undertaken during negotiations, is prohibited under FRE 408. Accordingly, counsel for both sides are prohibited from eliciting such testimony or evidence.

6. <u>Plaintiff should be prohibited from using Plaintiff's exhibits 1,2,3 and 8 because none of these emails have ever been provided to the Defendant prior to October 3, 2017</u>

Plaintiff's exhibits 1,2 and 8 are emails written in September and October, 2012, regarding Ms. Payne's assignment to Army Community Service ("ACS") and exhibit 3 is an email to Dr. Hayes dated August 17, 2010.

Defendant contends the emails found at exhibits 1, 2, and 8 are irrelevant because they pertain to a claim that was dismissed. The dismissed claims are one Title VII claim for retaliation based on the issuance of a Letter of Counseling on February 10, 2012, and a Letter of Reprimand issued April 3, 2012, and another Title VII claim for hostile work environment. The court finds that while these exhibits may pertain to the dismissed claims, they are also relevant to Ms. Payne's remaining Title VII claims for retaliation through unfavorable performance reviews, being placed on FPPE, and/or demotion. Accordingly, the motion is denied with respect to Plaintiff's exhibits 1, 2, and 8.

Exhibt 3 is an email from Ms. Payne to to Dr. Hayes asking him to meet her "regarding both personal and professional matters I request guidance on." There is no further information regarding the matters or the nature of her request. The court does not find this email tends to make a fact more or less probable than it would be without this evidence. Dr. Hayes is a witness in the trial and his testimony can certainly shed more light on the subject that this single, vague email. Accordingly, exhibit 3 is excluded from evidence as irrelevant, unless some connection can be established through the testimony of Dr. Hayes at trial.

7. Plaintiff should be prohibited from using the Bright Hope Counseling and Neurotherapy Records, Plaintiff's exhibit 12

Defendant further contends the documentation submitted by Ms. Payne's counselor at Bright Hope Counseling and Neurotherapy is inadmissible. A review of the documents reveals a "Treatment Summary", a "Transaction Ledger", and two, unsigned letters addressed to "To Whom It May Concern" advising Ms. Payne was under his care for stress and depression triggered by a hostile work environment. The only document within this grouping that purports to be a record of regularly conducted activity is the "Transaction Ledger"; however, it provides no useful information regarding her actual treatment. Accordingly, none of the documents meet the hearsay requirements found under section 6 of Rule 803.

The court further finds that the "Treatment Summary" is not admissible under the exception found at Rule 803(4) as the summary was made after treatment, not for diagnosis or treatment. Accordingly, the documents are excluded.

8. Plaintiff should be prohibited from using the NAACP flyer, Plaintiff's exhibit 13

Evidence of the flyer found at exhibit 13 is also excluded from evidence. The poster was not placed in the ASAP office until March 2015, three years following Ms. Payne's departure. Thus, it lacks relevance to the claims before the court.

9. Plaintiff should be prohibited from using the EEO Counselor's report, Plaintiff's exhibit 14

Exhibit 14 is an "EEO Counselor's Report" dated November 11, 2012 in which the EEOC counsel or assigned detailed events alleged by Ms. Payne supporting her claims of discrimination based on a perceived mental disability and reprisal for engaging in protected activity in 2011 and 2012. Defendant contends the report is irrelevant as it deals with Ms. Payne's claims that were dismissed. The court is without sufficient information to ensure that this evidence deals solely with the dismissed claims. Accordingly, the Defendant's request is denied at this time and will be addressed when and if this exhibit is introduced at trial.

10. Testimony and other evidence of claims which have been dismissed should be excluded

Plaintiff is precluded from presenting evidence which relate solely to her dismissed claims. That is, her Title VII claims for retaliation based on the Letter or Complaint and Letter of Reprisal and for hostile work environment.

In light of the foregoing, it is hereby

**ORDERED** that Defendant's Motion *in Limine* is **GRANTED IN PART and DENIED IN PART.**

**SIGNED** at Alexandria, Louisiana this 31st day of October, 2017.

                                        **DEE D. DRELL, CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**